UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAUREEN THERESA FRANCIS | CIVIL ACTION NO. 18-cv-0777 |
| VERSUS | CHIEF JUDGE HICKS |
| SCHOOL BOARD OF IBERIA PARISH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The Plaintiff in this case is identified as Maureen Francis, but she has also appeared in prior litigation under the names Maureen Vallot, Maureen Greene, or Maureen Vallot Greene. She was employed by the Iberia Parish School Board until she was fired in 1997 for dishonesty, insubordination, willful neglect of duty, and incompetence in the performance of her job as a cafeteria worker. More recently, she became a substitute bus driver for the School Board. The Board notified her in April 2017 that her name had been removed from the approved substitute bus driver list because, when she applied for the position, she did not inform Board personnel of her prior termination.

Plaintiff has a history of meritless litigation in the federal and state court. Judge Melancon dismissed one of her actions and stated in the judgment that the Clerk of Court was "not to accept any filings by plaintiff, Maureen Vallot, without an order from the undersigned judge." Vallot v. Baudry, 03-cv-1754. He issued a similar order in Vallot (Greene) v. Fontenot, 03-cv-2026 (Doc. 35) that the Clerk of Court was "ordered not to accept further filings from plaintiff without the order of a United States District Judge." Plaintiff later attempted to file another suit, which Judge Melancon dismissed based on the

prior order.  Once again, he ordered the Clerk of Court not to file "any other case on behalf of Plaintiff without the written authorization of a United States District Judge for the Western District of Louisiana."  Plaintiff was warned that monetary sanctions or contempt could be imposed on her if she attempted to elude or manipulate the court's orders banning her from filing without prior permission.  <u>Greene v. Fontenot</u>, 05-cv-1954 (Doc. 14).

Plaintiff filed suit against the School Board most recently in St. Martin Parish, Case No.85937.  Plaintiff is apparently under a similar bar order in that court, so a judge referred the case to the Chief Judge for a decision on whether written approval for filing would be granted.  At about the same time, Plaintiff filed a notice of removal of her own state court suit to this court.[1]  The School Board has filed a Motion to Strike (Doc. 3) that is now before Chief Judge Hicks.  The motion asks the court to strike this civil action based on the prior ban orders.

Before the court are four motions by Plaintiff.  The first is a Motion for Appointment of Counsel (Doc. 9) pursuant to Title VII.  The Act, in 42 U.S.C. § 2000e-5(f)(1), provides that "in such circumstances that the court may deem just, the court may appoint an attorney for" the Plaintiff.  The court has discretion in such matters.  "[T]here is no automatic right to appointment of counsel in a Title VII case."  <u>Caston v. Sears, Roebuck & Co.</u>, 556 F.2nd 1305, 1309 (5th Cir. 1977).  Three relevant factors include the merits of the plaintiff's discrimination claims, the efforts taken by the plaintiff to retain counsel, and the plaintiff's

---

[1] Only a defendant may remove a case pursuant to 28 USC § 1441.  <u>Webb v. Horwitz</u>, 2016 WL 7033677, *3 (E.D. La. 2016). Removal by a plaintiff is a procedural defect in the removal.  But procedural defects are waived if not asserted in a motion to remand filed within 30 days of the removal. <u>FIA Card Servs., N.A. v. Gachiengu</u>, 2008 WL 336300, *3 (S.D. Tex. 2008).

financial ability to retain counsel.  Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990). No one factor is conclusive.  Id.  Plaintiff has not demonstrated efforts to retain counsel. More important, the merits of her claims are in doubt given her litigation history and the likelihood that this entire action may be dismissed or stricken in the preliminary stages. Accordingly, the **Motion to Appoint Counsel (Doc. 9) is denied**.

Plaintiff also filed a **Motion for Extension of Time (Doc. 10)** in which she asks for a reasonable amount of time to seek legal counsel.  The motion is **denied**.  Plaintiff may have counsel enrolled for her at any time while this matter is still pending, but the court will not delay the proceedings because it is unlikely that Plaintiff will be able to find an attorney to represent her in a case with such procedural obstacles, and more delay will likely lead to more motions and unnecessary complications.

Plaintiff filed a **Motion for Completed Copy of Investigative File (Doc. 8)**, in which she asks that the court order the School Board to provide her a copy of "the Investigative File" for this case.  She argues that it is premature to resolve the case until she has such information.  This request is premature because a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) for the purpose of putting together a discovery plan.  Fed. Rule of Civ. Proc. 26(d).  The court has not yet set a deadline for a scheduling conference that would trigger the obligation to hold such a conference.  The motion is **denied**.  Furthermore**, the court now issues a stay on discovery of any kind until further order of the court**.

Plaintiff also filed a **Motion for Permission to Proceed with My Proceedings/Case (Doc. 11)**.  In this motion, Plaintiff essentially argues the merits of her

case and asks that the court allow her to receive justice against the School Board. It is premature to order any relief on the merits, so the motion is **denied**. Chief Judge Hicks will decide, in conjunction with the motion to strike, whether this civil action will be allowed to proceed.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of July, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge